IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHARLES HICKS (246241),** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:07-CV-668-WHA |
| | ) |
| **PRISON HEALTH SERVICES, et al,** | ) |
| | ) |
|     Defendants. | ) |

## SPECIAL REPORT

**COMES NOW**, the Defendant **Warden Leon Forniss**, by and through *Bettie J. Carmack* of the State of Alabama Attorney General's Office, and, in response to this Honorable Court's Order dated July 24, 2007, state as follows:

### PARTIES

1. **CHARLES HICKS** (Plaintiff) – an Alabama Department of Corrections inmate currently housed at Alexander City Community Base located at P. O. Drawer 160 Alexander City, Alabama 35011.

2. **Leon Forniss** (Defendant) – an Alabama Department of Corrections (ADOC) employee, whose current work location is Staton Correctional Facility located at P. O. Box 56 Elmore, Alabama 36025.

## PLAINTIFF'S CLAIM

Inmate Hicks alleges that Prison Health Services did not properly treat his fluid filled leg and refused to allow him to receive treatment from an "outside hospital."

## IMMUNITY

***WARDEN FORNISS IS DUE TO BE DISMISSED FROM THE LAWSUIT BECAUSE THERE CAN BE NO LIABILITY UNDER THE THEORY OF RESPONDEAT SUPERIOR OR VICARIOUS LIABILITY.***

In his complaint, Inmate Hicks has raised no direct claim against Warden Forniss. The only claims Inmate Hicks have raised have been against Prison Health Services and its personnel. The only reason Inmate Hicks apparently named Warden Forniss as a defendant in the lawsuit appears related to the fact that Leon Forniss is the Warden at Staton Correctional Facility. Warden Forniss has no control over the medical treatment a prison inmate receives. (Exhibit **A**) Because Inmate Hicks has failed to state a claim against Warden Forniss and there is no respondeat superior liability in § 1983 actions, Warden Forniss is due to be DISMISSED from the lawsuit. *See* Taylor v. Mosley, 2006 WL 1475780, at *4 (May 25, 2006) *citing* Marsh v. Butler County, Alabama, 268 F.3d 1014, 1035 (11th Cir. 2001)("It is clear from the pleadings filed in this case that defendant . . . is not a health care professional and serves as a defendant with respect to this claim solely due to her supervisory position as the warden of Easterling. 'There is no respondeat superior liability for a § 1983 claim.'").

## RELIEF REQUESTED

Wherefore premises considered, the defendant moves this Honorable Court to treat his special report as a motion to dismiss or motion for summary judgment and dismiss him from the lawsuit.

Respectfully submitted,

TROY KING (KIN-047)
ATTORNEY GENERAL
By:

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Litigation Division*
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

CERTIFICATE OF SERVICE

This is to certify that I have on this **30th** day of **August**, **2007**, served copies of the foregoing *pleading* upon the plaintiff by depositing same in the United States Mail, addressed as follows:

**Charles Hicks (#246241)**
**Alexander City Community Base**
**P. O. Drawer 160**
**Alexander City, Alabama 35011**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR -132)
*Assistant Attorney General*
*Civil Litigation Division*

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS (246241), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:07-CV-668-WHA |
| | ) |
| PRISON HEALTH SERVICES, et al, | ) |
| | ) |
| Defendants. | ) |

EXHIBIT A

## AFFIDAVIT

State of Alabama   :

Elmore County   :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Leon Forniss, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Forniss. I am presently employed as a Correctional Warden III with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Charles Hicks and this is my response to his complaint.

In this civil action, Inmate Charles Hicks, B/M #246241 alleges that he was denied proper medical treatment when he was not sent out to an outside doctor for medical evaluation for treatment of his leg.

Inmate Hicks met with the Medical Review Board at Staton Correctional Facility on June 12, 2007. The Medical Review Board talked with, heard Inmate Hicks complaints, and based their decision on his medical history, examinations and records that is maintained in Inmate Hicks medical file.

As Warden of Staton Correctional Facility, I can only refer an Inmate to the Medical Staff for evaluation and must rely totally on their professional opinion when evaluating an inmates' medical complaint.

To my knowledge, the above-related facts are the entirety of my involvement with Inmate Hicks concerning the allegations on which his complaint is based on.

I deny that I have violated any well-established civil rights of Inmate Hicks.

_____
LEON FORNISS

SWORN TO and SUBSCRIBED before me this __20__ day of August 2007.

_____
NOTARY PUBLIC

__12/06/2008__
My Commission Expires: